PER CURIAM.
John Paul Polk (Polk) was convicted and sentenced for making a false bomb threat to an Okaloosa County high-school. The trial judge ordered Polk to pay restitution to the County in the amount of $15,788, $12,848 of which was for reimbursement of wages paid to school employees during the three-hour evacuation period. Polk seeks reversal of *1251 the portion of the order of restitution granting payment for the employee wages, arguing that this court’s opinion in B.D.A. v. State, 695 So.2d 399 (Fla. 1st DCA 1997), controls. We agree. In B.D.A., the trial judge ordered restitution for reimbursement of employee wages paid during a series of bomb threats. In reversing, this court explained that “[bjecause there was no increased financial burden with regard to the payment of these salaries, this was not damage or loss caused by the offense and such reimbursement may not be compelled as restitution under section 39.054(1)(f).”[1]
Accordingly, we reverse and remand that portion of the order of restitution authorizing reimbursement for wages paid to school employees during the evacuation.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. Section 39.054(l)(f), Florida Statutes (1995) is the restitution provision for juveniles, and authorizes restitution for "any damage or loss caused by the child’s offense in a reasonable amount or manner to be determined by the court."